IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Denise F. Collins, | ) | C.A. No. 7:23-4312-HMH |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| P.E.R.C. Freight, LLC, | ) | |
| a Florida LLC, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant P.E.R.C. Freight, LLC's motion to set aside entry of default. (Mot. Set Aside, ECF No. 18.) Plaintiff has filed a response in opposition. (Resp. Opp'n, ECF No. 22.) This matter is ripe for consideration.

Federal Rule of Civil Procedure 55(c) states, "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

Based on the record and factors set forth above, the court finds that Defendant has demonstrated good cause. First, Defendant has established the existence of a meritorious defense. (Mem. Supp. Mot. Set Aside 6-7, ECF No. 18-4.); United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party.") Second, there is no evidence of previous

1

dilatory action on Defendant's behalf, absent failing to answer Plaintiff's summons and complaint. Third, there are far less drastic sanctions available. See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 418 (4th Cir. 2010) (suggesting that a motion for an award of attorney's fees and costs to a plaintiff in opposing a motion to set aside an entry of default or default judgment could be appropriate). Fourth, Defendant acted with reasonable promptness by moving to set aside the entry of default twenty-one days after it was entered on December 7, 2023. See Miller v. Experian Info. Sols., Inc., No. 7:22-01961-HMH, 2022 WL 3909283, at *2 (D.S.C. Aug. 31, 2022) (unpublished); Burton v. The TJX Companies, Inc., No. 3:07-CV-760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008) (unpublished) ("District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside.").

Further, while service on a registered agent constitutes effective service, there is no evidence that Defendant was actually aware of the pendency of this action. Defendant submits that its owner did not receive the summons and complaint and that it had ceased operations in December 2022. (Mot. Set Aside Ex. 3 (Aff. Ellie Pierre ¶¶ 7-9), ECF No. 18-3.) Finally, there is no evidence that Plaintiff will be prejudiced if the entry of default is set aside. Colleton Preparatory Acad., Inc., 616 F.3d at 418 ("[D]elay in and of itself does not constitute prejudice to the opposing party."). In sum, setting aside the entry of default is warranted based on the record before the court.

Therefore, it is

**ORDERED** that Defendant's motion to set aside entry of default, docket number 18, is granted. Defendant shall have ten (10) days from the date of this order to file a responsive pleading to Plaintiff's complaint.

**IT IS SO ORDERED.**

                                                s/ Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
January 23, 2024